UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RONALD D. SORTLAND, and
VIRGINIA S. SORTLAND,

        Plaintiffs,

v.

MS. COLOMBEL-SINGH, and
MS. D. PATRICK,

        Defendants.

_____/

Case No. 1:19-cv-644

Hon. Robert J. Jonker
Chief United States District Judge

Hon. Ray Kent
United States Magistrate Judge

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION
TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

Plaintiffs' response brief demonstrates that as a matter of law, they are unable to establish a viable constitutional claim against individual federal employees for allegedly failing to properly handle a Social Security overpayment waiver request. Much of Plaintiffs' response attempts to establish that the Defendants did not follow the Social Security Administration (SSA) procedures for these requests.[1] But even if the Defendants did not, this does not establish any basis for liability that the Supreme Court has recognized under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As explained in Defendants' opening brief, the Supreme Court has never recognized a *Bivens* claim based on an alleged failure to follow similar agency requirements for processing such requests. To the contrary, it rejected similar claims relating to the improper termination of Social Security disability benefits in *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988). *See also Richter v. Soc. Sec. Admin*., No. 8:17CV271, 2017 WL 3381849, at *2 (D. Neb. Aug. 4, 2017) (barring claim relating to SSA's demand for return of benefit overpayments); *Jaihiem v. Soc. Sec. Area Directors,* No. 1:11-cv-104-TCB, 2011 WL 13318795, at *4 (N.D. Ga. Feb. 8, 2011), *adopted*, 2011 WL 13318941 (N.D. Ga. Mar. 24, 2011) (determining that plaintiff could not bring *Bivens* claims relating to SSA overpayment findings).

The only similarity Plaintiffs note between their claims and any Supreme Court case recognizing a *Bivens* claim is that Plaintiffs allege a Fifth Amendment violation. (Plaintiff's

---

[1] Most of these procedures are internal instructions in the SSA Program Operations Manual System (POMS). (Plaintiffs' Brief, ECF No. 24, PageID.221-222, 224-227.) The POMS do "not have the force and effect of law." *Davis v. Sec'y of Health and Human Servs*., 867 F.2d 336, 340 (6th Cir. 1989); *see also Carillo-Years v. Astrue*, 671 F.3d 731, 735 (9th Cir. 2011) (the "POMS does not impose any judicially enforceable duties on the SSA"); *Mousa v. Comm'r of Soc. Sec.,* No. 1:16-CV-352, 2017 WL 19145, at *10 n.5 (W.D. Mich. Jan. 18, 2017) (POMS "is an internal agency manual. Its guidelines have no legal force, and failure to follow the POMS is not legal error.").

Brief at PageID.235, citing *Davis v. Passman,* 442 U.S. 228 (1979).)  But *Chilicky* also involved Fifth Amendment claims.  And in *Abbasi,* the Supreme Court determined that none of the Fifth Amendment claims at issue were sufficiently similar to any previously-recognized *Bivens* claim to conclude that there was a viable *Bivens* claim; it remanded one of the claims for a special factors analysis.  *Ziglar v. Abbasi,* 137 S. Ct. 1843, 1863, 1865 (2017).  Obviously, a gender discrimination claim against a member of Congress (as alleged in *Davis*) bears virtually no resemblance to the alleged failure to follow Social Security procedures here; the claims are different in many meaningful ways.  *See id.* at 1859-60.  As explained in Defendants' opening brief, *Davis* did not involve SSA employees, monetary federal benefits (let alone the specific SSA benefits at issue here), procedural-due-process rights, or the comprehensive and complex system governing Social Security benefits.  These differences are meaningful; therefore, Plaintiffs' claim presents a new *Bivens* context.  *See Abbasi*, 137 S. Ct. at 1864-65.

Recognizing that *Abbasi* essentially forecloses their claims (PageID.235), Plaintiffs ask that the Court stay its decision until the Supreme Court rules on *Hernandez v. Mesa,* 885 F.3d 811 (5th Cir. 2018), *certiorari granted in part,* 139 S. Ct. 2626 (2019), another *Bivens* case.  It is highly unlikely that the Supreme Court's pending decision in *Hernandez* will have any impact on whether Plaintiffs have a viable claim here.  *Hernandez* involves excessive force claims against a Border Patrol agent accused of a cross-border shooting.  The claims are so dissimilar that it is difficult to envision the decision providing guidance on the question of whether to recognize a *Bivens* claim in the new context of Plaintiffs' Social Security benefit-related claims in this case.

There are many good reasons not to recognize a new *Bivens* claim here.  (See ECF No. 15, PageID.76-81.)  If failing to follow agency processing instructions subjected federal employees to personal liability as constitutional violations, the floodgates of litigation would

open and federal agency business would slow significantly. (*See, e.g.*, Plaintiffs' Brief at PageID.238-240, arguing that Social Security employees failed to apply procedures correctly in hundreds of thousands of cases.) There are alternative remedies available if a claimant believes that agency employees did not process his request correctly and according to agency requirements; in this case, those remedies resulted in a fully-favorable decision. *See Chilicky*, 487 U.S. at 424 (1988) (noting that there are millions of Social Security claims filed each year and that the procedures and protections of the Social Security system are "unusually protective" and multi-step) (internal citations and quotations omitted). The elaborate design of this system demonstrates that it affords adequate procedural protections without the need for recourse to constitutional or tort theories against individual federal employees. *Id.* at 414, 423; *McKenna v. Commissioner of Social Security Administration*, No. 97-6466, 1998 WL 466557, at *1, *2 (6th Cir. July 31, 1998) (unpublished table decision).

Even if plaintiff did state a viable *Bivens* claim, Ms. Patrick would be entitled to qualified immunity. Plaintiffs again assert that it was Ms. Patrick's approval of Ms. Colombel-Singh's waiver determination that is the basis for her constitutional violation, and their response brief provides a list of things they think Ms. Patrick should have done rather than sign that form. But Plaintiffs fail to show that either Ms. Patrick's actions, or her failures to act, contradicted clearly established law or were required under the constitution or binding case law that existed at the time.

Finally, Plaintiffs assert that Mr. Sortland has standing because his family finances were impacted when the agency recouped his wife and son's overpayments. This is not sufficient to impart constitutional standing on Mr. Sortland. To have standing, he must demonstrate that he himself "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized'

3

and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo v. Robins,* 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). To be particularized, the injury "must affect the plaintiff in a personal and individual way." *Id.* Regardless of whether recouping his wife and son's overpayments may have resulted in some downstream financial impact on his family generally, Mr. Sortland's own legal interest was not at issue and he lacks standing to continue as a plaintiff in this action. *See, e.g., Sosa v. Bancorp,* Civil Action No. 3:05CV-66-H, 2005 WL 8175512, at *2 (W.D. Ky. Oct. 18, 2005) (workers compensation benefits at issue were those of plaintiff's wife, not plaintiff, and the remedy was hers, not plaintiff's) (citing *Knoll v. City of Chesterfield*, 71 F. Supp. 2d 959 (E.D. Mo. 1999) (no standing based on "familial economic interdependence")).

## CONCLUSION

For these reasons, and for the reasons explained in Defendants' opening brief, the Court should dismiss Plaintiffs' claims against the Defendants.

                                  Respectfully submitted,

                                  ANDREW BYERLY BIRGE
                                United States Attorney

Dated:  February 10, 2020           */s/ Ryan Cobb*
                                RYAN D. COBB
                                Assistant United States Attorney
                                P.O. Box 208
                                Grand Rapids, Michigan 49501-0208
                                (616) 456-2404
                                Ryan.Cobb@usdoj.gov
                                Attorneys for Defendants